KATHRYN BYRNE, Plaintiff, *v.* ÆTNA LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Kings County, December 26, 1942.

*Robert H. Charlton* and *Luke O'Reilly* for plaintiff.

*Allen M. Taylor* and *Daniel Miner* for defendant.

SMITH, J. In this case the court on November 7, 1942, handed down its written decision in defendant's favor. Plaintiff now makes this motion for reargument on the ground that through a misunderstanding her attorney had failed to submit a brief in reply to the defendant's brief. Defendant's counsel, with a com-

mendable show of impartiality, does not oppose this motion. The motion for reargument is, therefore, granted and briefs of the parties have been received.

The court in its prior decision omitted to state that it received in evidence the papers as to which decision upon their admissibility had been reserved.

Plaintiff now takes the position that on October 21, 1936, after the policy by its terms had lapsed, the defendant received from the insured, together with his application for reinstatement, the sum of $10.69 (being the balance of the quarterly premium of $16.54 due on August 8, 1936); that defendant failed to return this sum of $10.69 to the insured until January 8, 1937; and that by such retention of the $10.69 for a period of seventy-eight days defendant must be deemed to have consented to the reinstatement of the policy without regard to the conditions imposed by the policy as a prerequisite for such reinstatement.

If this were all there was to the case; if defendant had retained the $10.69 for seventy-eight days and remained silent, taking no action, there would be some force to plaintiff's present contention. (*Divita* v. *New York Life Ins. Co.*, 244 App. Div. 498, 504, 505; *Steiner* v. *Equitable Life Assurance Society of U. S.*, 146 Misc. 292, 293–296.) Unfortunately, however, there is more.

As stated, this partial payment of $10.69 accompanied the insured's application for reinstatement. The policy provides that after the default in the payment of the premium it " may be reinstated upon evidence of insurability satisfactory to the company." The evidence clearly shows that the defendant did all that could possibly be expected of any person in order to apprize the insured that its acceptance of the $10.69 was provisional and contingent and expressly conditioned upon proof of the insured's insurability or good health, as required by the terms of the policy. The written receipt for the $10.69 issued by defendant plainly states that it is a " temporary receipt only " and that the reinstatement of the policy shall be effective " provided the company shall be satisfied   *   *   *   the applicant is eligible for reinstatement." Thereafter the defendant's general agent wrote the insured on November 2, 1936, and again on November 19, 1936, requesting him to submit to a physical examination if he desired to reinstate the policy. Then the insured's agent, on four separate occasions from December 4, 1936, to January 6, 1937, asked defendant to hold the matter in abeyance as he was still trying to get the insured to submit to the examination. But the insured apparently ignored all requests and made no effort to comply with the terms of the policy requiring him to furnish evidence of his insurability.

Under the circumstances, it must be held that the conduct of the company negatives any implication that it waived its rights and consented to the policy's reinstatement without regard to the insurability of the insured or the state of his health.

Accordingly, for the reasons stated in the court's original decision and for the additional reasons stated above, the court is again constrained to direct judgment in favor of defendant dismissing the complaint on the merits.